UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-547-H

LAWRENCE IRVING BREED, SR.                                                       PLAINTIFF

V.

NATIONWIDE MUTUAL INSURANCE COMPANY, et al.                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Nationwide Mutual Insurance Company ("Nationwide") is one of three Defendants alleged to have violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, (the "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") under Count 1 of Plaintiff's complaint.[1]  Nationwide has now moved to dismiss the claims against it. The issue before the Court is whether Nationwide can be liable under either of these federal statutes by providing false information to a credit agency such as Trans Union and for failing to ensure that the false information was removed from the credit report in a timely fashion.  The Court has discussed the known facts with counsel and finds that those facts material to this issue are undisputed.  The Court appreciates counsel's helpful responses.

I.

Plaintiff's verified complaint says that Nationwide is a provider of insurance services to

---

[1] The allegations against the other two Defendants are set forth in Counts II and III of the complaint. Nationwide speculates that Plaintiff also alleged a state law defamation claim in Count 1. That does not appear to be the case, since Plaintiff did not address the issue in its response. The Court takes the absence of a response to indicate that no such state claim was intended.

consumers. The parties now agree that sometime in 2004, Nationwide determined that Plaintiff's son, Lawrence Breed, Jr. ("Junior") failed to pay a debt to it in the amount of $637.02. Nationwide referred this alleged unpaid debt to Credit Collection Services, Inc. ("CCS") for collection. CCS is a collection agency. CCS tried to collect it from Junior and also reported the debt to Trans Union LLC ("Trans Union"). Trans Union is a provider of credit information to its customers. It is unclear whether CCS or Trans Union confused Plaintiff and Junior as the debtor. That issue, however, is not material to the current motion.

Plaintiff called and wrote Nationwide to complain about an inaccurate credit report published by Trans Union. After receiving the complaint of the false report from Plaintiff, Nationwide notified CCS to remove the debt from its report. For reasons unknown at this time, neither CCS nor Trans Union effected the removal of the debt from the credit report until about eight months after Plaintiff's initial request.

## II.

To state a claim under the FDCPA, Plaintiff must allege or have facts to suggest that Nationwide qualifies as a debt collector as defined in 15 U.S.C. § 1692 a(6). In paragraph 7 of his complaint, Plaintiff acknowledges that Nationwide is not a debt collector. In fact, Nationwide is a creditor of Junior. Apparently, Nationwide made a correct report of its debt to CCS. Even if the report had been incorrect, these circumstances would not qualify Nationwide as a debt collector under the FDCPA.

The authorities this Court has reviewed suggests that in most circumstances the owner of a debt cannot qualify as a debt collector under the FDCPA. *See, e.g., Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003) (bank that made loan that enabled plaintiff to purchase car

2

was not "debt collector" under 15 U.S.C. § 1692a(6); "debt collector" does not include creditors of a consumer). The FDCPA under its own express definitions generally excludes creditors from the category of debt collectors. *See* 15 U.S.C. §§ 1692a(6)(F)(ii), 1692a(4). Plaintiff made no other allegations of an exception to this rule, such as that Nationwide is using a false name to suggest that a third party is actually collecting its debt, that Nationwide is pretending to be another entity, or that there is a corporate connection between Nationwide and CCS. This case presents the classic situation of a creditor referral to a debt collector. Plaintiff cannot state a claim against Nationwide under the FDCPA under these circumstances.

### III.

The FCRA imposes its requirements on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports and (3) furnishers of information to consumer reporting agencies. *See Stafford v. Cross County Bank*, 262 F. Supp. 2d 776, 782 (W.D. Ky. 2003); 15 U.S.C. §§ 1681c, 1681m, 1681s-2. Plaintiff does not assert that Nationwide meets either of the first two categories. Therefore, the viability of the FCRA claim turns on establishing that Nationwide is a furnisher of information to reporting agencies.

The parties now agree that Nationwide did not provide credit information to Trans Union regarding either Plaintiff or Junior. The credit information originated with Nationwide, but passed through CCS before publication by Trans Union. Under such facts and the plain meaning of 15 U.S.C. § 1681s-2, Nationwide cannot be deemed a furnisher of information to a credit reporting agency under the FCRA.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Nationwide's motion to dismiss is SUSTAINED and,

therefore, all the causes of action against Nationwide are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that all discovery motions are RESOLVED and MOOT.

This is not a final order.  All other claims remain.

cc:     Counsel of Record