UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-547-H

LAWRENCE IRVING BREED, SR.                                              PLAINTIFF

V.

NATIONWIDE INSURANCE COMPANY, ET AL.                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Lawrence Breed ("Plaintiff"), presently maintains claims against both Credit Collection Services, Inc. ("CCS") and Trans Union, LLC ("Trans Union") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Recently at a pretrial conference, Defendants once again raised questions about Plaintiff's damages claims. First, Defendants argued that Plaintiff cannot collect damages arising out of commercial transactions and, second, they argued that Plaintiff had not sufficiently disclosed his damages. The parties had previously briefed the issue of whether a plaintiff may recover damages arising from a business or commercial transaction under either the FCRA or the FDCPA. Subsequently, the Court has had an opportunity to thoroughly review the law in that area and can now discuss it.

The facts relevant to the current inquiry are relatively straightforward. At the time this lawsuit arose, Plaintiff was a real estate investor. He bought properties, rehabilitated them in some fashion, and then resold them for a profit. In essence, Plaintiff was in the business of

buying and selling real estate. Everyone seems to agree that Plaintiff is claiming damages caused by the increased interest rates charged in connection with various of these business-related real estate transactions.

I.

The FCRA applies to "consumer reports". 15 U.S.C. § 1681a(d) (2007). To qualify as a consumer report, a communication from a consumer reporting agency must have been "used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title." *Id.* Thus, the express statutory language limits its application to considerations of credit "used primarily for personal, family, or household purposes," which would appear to exclude business or commercial purposes.

Although the Court can find no reported cases addressing the issue within the Sixth Circuit, several unreported cases have followed the express statutory language. In each instance a district court and a Sixth Circuit panel concluded that the FCRA does not apply to claims stemming from denials for commercial credit. *Lewis v. Experian Information Solutions, Inc.*, No. Civ.A. 04-88, 2006 WL 897198 at *2 (E.D. Ky. 2006). "It is well settled that the FCRA pertains to credit transactions for a consumer's personal use." *Id.* at *3 (citing, *e.g., Cheatham v. McCormick*, No. 95-6558, 1996 WL 662887 at *3 (6th Cir. 1996)). Thus, the Sixth Circuit noted:

> Our sister circuits have rebuffed efforts, based on expansive interpretations of § 1681b, to extend the Act beyond its original purpose of consumer protection. *See Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991) ("Reports used for business, commercial, or

2

> professional purposes are not within the purview of the statute"); *Ippolito v. WNS, Inc.*, 864 F.2d 440, 452 (7th Cir. 1988), *cert. dismissed*, 490 U.S. 1061 (1989) ("In enacting the FCRA, Congress sought to regulate the dissemination of information used for consumer purposes, not business purposes"); *Id.* at 451 ("Evaluating prospective franchisees. . . does not fall within the definition of the term 'consumer report'"); *Matthews v. Worthen Bank & Trust Co.*, 741 F.2d 217 (8th Cir. 1984) (holding that a credit report on a prospective lessee of commercial real estate was not subject to the Act).

*Cheatham*, 1996 WL 662887 at *3. Other business transactions to which the FCRA has been held not to apply include formation of a partnership in a real estate venture, *see Podell v. Citicorp Diners Club, Inc.*, 914 F.Supp. 1025, 1036 (S.D. N.Y. 1996), and attempts to obtain equipment and working capital for a business, *see Lewis*, 2006 WL 897198 at *2. This Court agrees with these interpretations of the statutory language.

Furthermore, the Eighth Circuit has noted that the legislative history indicates that the FCRA does not apply to reports relating to a consumer's business transactions. *See Matthews*, 741 F.2d at 219. A statement by the Fair Credit Reporting Bill's House sponsor, Representative Sullivan, reflects the Congressional intent in passing the statute:

> The purpose of the Fair Credit Reporting Bill is to protect consumers from inaccurate or arbitrary information in a consumer report which is used as a factor in determining an individual's eligibility for credit, insurance or employment. It does not apply to reports used for business, commercial or professional purposes.

116 Cong. Record 36,572 (1970).

Breed alleges damages incurred as a result of being denied credit in three instances and receiving higher interest rates on five mortgages. Breed is in the business of buying homes and reselling them for profit. The homes were not for his personal use. Rather, he is a sole proprietor, and the homes are his business's capital. Therefore, his actual damages arise from

commercial transactions rather than personal transactions, and the FCRA does not apply to them.

Plaintiff also claims damages for emotional distress under the FCRA. At least one Eighth Circuit case indicates that despite the commercial nature of Breed's transactions, if Defendants are liable under the FCRA, Breed may still have a cognizable claim for emotional distress. *See Podell*, 914 F.Supp. at 1037. That court held that emotional distress caused by negligence of Defendants may form the basis of a claim, even if the specific transactions are not covered by the FCRA. *See id.* The Court is not certain that the Eighth Circuit logic is so clear on this point. Moreover, the Court has not yet had the opportunity to review Plaintiff's deposition to determine whether his testimony could support such an award. Defendants may file an additional motion.

II.

The FDCPA does not face the same statutory limitation as the FCRA. Whereas the claim under the FCRA is based on an improper use of a consumer credit report, the FDCPA claim is based upon allegations that Defendant Credit Collection Services, Inc. ("CCS"), used "unfair and unconscionable means to collect a debt that was admittedly in error." Thus, unlike the FCRA, liability under the FDCPA has nothing to do with whether a credit report was used in a consumer transaction.

However, one similar limitation does exist. The FDCPA applies to debts owed by a "consumer", which is defined as "a natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3) (2007). "Debt" is defined as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment.

4

15 U.S.C.A. § 1692a(5) (2007).

      In this case, the alleged unpaid debt to Nationwide Insurance, Inc., was fictitious. The parties have yet to argue whether this alleged debt meets the statutory definition of a consumer debt. At this time, the Court has no basis for reaching a conclusion one way or another. Thus, the FDCPA claim against CCS is not dismissed.

      Finally, Plaintiff's FDCPA claims for actual damages may be hampered by a problem of causation. It is not clear that anyone attempted to collect the fictitious Nationwide debt. Consequently, it is unclear in this case how damages arose from a violation of the FDCPA. The Court will consider and clarify that issue at a later date.

      Being otherwise sufficiently advised,

      IT IS HEREBY ORDERED that Defendant CCS's motion for summary judgment is SUSTAINED in part and DENIED in part. Plaintiff's FCRA claim against CCS for actual damages arising from commercial transactions is DISMISSED WITH PREJUDICE. The FCRA claim for emotional distress and the FDCPA claims remain for now.

cc:    Counsel of Record