UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-547-H

LAWRENCE IRVING BREED, SR.                                                                  PLAINTIFF

V.

NATIONWIDE INSURANCE COMPANY, ET AL.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Lawrence Breed ("Plaintiff"), filed suit against Credit Collection Services, Inc. ("CCS") and Trans Union, LLC ("Trans Union") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  In a Memorandum Opinion dated March 13, 2007, the Court dismissed Plaintiff's FCRA claims for actual damages because such damages arose from commercial transactions.  The Court left open the possibility of damages for emotional distress.  Recently, Plaintiff Breed has moved this Court to reconsider that order, and Defendant CCS made a motion in limine as to the emotional distress damages.

I.

A party may move to alter or amend a judgment pursuant Fed. R. Civ. P. 59(e).  The Sixth Circuit has determined that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th

Cir.1999) (citations omitted). "A motion to reconsider does not afford parties an opportunity to reargue their case." *Zink v. Gen. Elec. Capital Assurance Co.*, 73 Fed.Appx. 858, 861 (6th Cir. 2003); *and see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The issue before the Court is whether the reports produced by Trans Union that allegedly resulted in denials of credit and increased interest rates are "consumer reports" under the FCRA. The facts relevant to the current inquiry are relatively straightforward. At the time this lawsuit arose, Plaintiff was a real estate investor. He bought properties, rehabilitated them in some fashion, and then resold them for a profit.[1] According to Breed, an erroneous negative item amount reported by CCS to Trans Union negatively affected his ability to procure credit. Breed alleges damages incurred as a result of receiving higher interest rates on five mortgages and being denied credit three times in connection with the purchase of a vehicle. This Court held that since such damages arose from commercial transactions, they are not recoverable under the FCRA.

After further review of the developing case law, this Court is inclined to a more cautious approach in its interpretation of the FCRA claims. The Circuits are split as to whether the consumer's purpose in obtaining credit necessarily determines whether the report is a consumer report under the FCRA. At least one Circuit has held that reports generated for a consumer's business transactions are not consumer reports governed by the FCRA. *See Matthews v. Worthen Bank & Trust Co.*, 741 F.2d 217, 219 (8th Cir. 1984) (holding that a credit report on a

---

[1] In his deposition, Plaintiff stated that he has been self-employed in the area of real estate development for approximately two years, and his Individual Income Tax Returns from 2002-2005 do not report any "wages, salaries, tips, etc." and instead only report "business income or (loss)."

prospective lessee of commercial real estate was not a consumer report under the FCRA and stating that "it is clear from its legislative history that [FCRA] was intended to apply only to reports which relate to the consumer's eligibility for personal credit or other commercial benefits as a consumer, and not to the consumer's business transactions").

However, several other Circuits have applied the FCRA more broadly, focusing on the purpose for which the information was obtained by the credit collection agency in addition to the purpose for which the credit report is sought. *See, e.g., St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 885 (5th Cir. 1989) (explicitly rejecting the argument that "the definition of a 'consumer report' under the FCRA depends on the use to which the information contained therein is put," concluding instead that "the purpose for which the information was collected governs whether that report is a 'consumer report' under the FCRA"); *Ippolito v. WNS, Inc.*, 864 F.2d 440, 449 (7th Cir.1988) (holding that a credit report is a "consumer report" covered by the FCRA if: (1) the person who requests the report actually uses the report for one of the "consumer purposes" set forth in the FCRA; (2) the consumer reporting agency which prepares the report "expects" the report to be used for one of the "consumer purposes" set forth in the FCRA; or (3) the consumer reporting agency which prepared the report originally collected the information contained in the report expecting it to be used for one of the "consumer purposes" set forth in the FCRA) (citing *Heath v. Credit Bureau of Sheridan, Inc.*, 618 F.2d 693, 696 (10th Cir.1980); *Hansen v. Morgan*, 582 F.2d 1214, 1218 (9th Cir. 1978))

The Sixth Circuit has not spoken definitively on the subject. The Eastern District of Kentucky has stated in an unreported opinion that "[i]t is well settled that the FCRA pertains to credit transactions for a consumer's personal use." *Lewis v. Experian Info. Solutions, Inc.*,

No.Civ.A. 04-88, 2006 WL 897198 at *2 (E.D. Ky. April 3, 2006). However, the unreported Sixth Circuit case to which it attributes that proposition did not make such a broad statement. *See Cheatham v. McCormick*, No. 95-6558, 1996 WL 662887 at *2 (6th Cir. Nov. 12, 1996). The court in *Cheatham* actually stated that the background check at issue was not a consumer report because it had not been "used, expected to be used, or compiled for any of the purposes listed in § 1681a(d), and it was not prepared by a consumer reporting agency." *Id.* The Cheatham court actually applied a broader test, like the one used in *Ippolito*, 864 F.2d at 449, and it did not dismiss FCRA claims solely because they had been obtained for commercial credit.

Thus, neither the Sixth Circuit's view nor the developing case law can be viewed as providing a definitive or reliable answer. A majority of the Circuits and the Sixth Circuit actually suggest that the expectations of the credit collection agency at the time it prepared the credit reports and at the time it collected the information contained in the reports should be considered, and no proof has been presented as to those prongs. To avoid injustice, the Court will not dismiss any claims at this time solely because they involve commercial transactions. Therefore, the Court will withdraw its previous opinion. It will allow Plaintiff to pursue his FCRA theory at least through trial.

II.

Defendant has also moved to dismiss Plaintiff's claims for emotional distress damages. In view of the Court's reconsideration of the FCRA, no strictly legal basis exists for dismissing those claims. CCS has moved to dismiss those claims due to the absence of sufficient evidence.

There is a strict standard for a finding of emotional damage "because they are so easy to

manufacture." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) *quoting Aiello v. Providian Fin. Corp.,* 239 F.3d 876, 880 (7th Cir. 2001). When the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail and cannot simply rely on conclusory statements. *Bach v. First Union Nat'l* Bank, 149 Fed.Appx. 354, 361-62 (6th Cir. 2005) *citing Sarver*, 390 F.3d at 971. Plaintiff must produce actual evidence of distress and injury, not merely conclusory statements about it.

The Court has carefully reviewed all of Plaintiff's deposition testimony. Plaintiff testified that he had difficulty sleeping, suffered headaches, humiliation and nervousness as a result of the credit denials. Plaintiff has not described the extent of his sleeplessness or his headaches. He stated that he had been prescribed Zoloft to relieve such conditions, but he seeks to introduce no testimony of his physician or any other expert or lay witness to support the existence of any emotional injury. He has given no specific examples of his humiliation. Plaintiff's testimony, therefore, is so general that it amounts to nothing more than a conclusory allegation. Nothing in his testimony would allow a jury to conclude that his emotional distress was severe or abnormal.

For these reasons, Plaintiff's evidence of damages due to emotional distress falls far short of the quality and quantity necessary for a jury to find any damage.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is SUSTAINED and the Court's previous Memorandum Opinion and its Order are WITHDRAWN. Therefore, at this time Plaintiff's FCRA claim against CCS for actual damages arising from his commercial transactions are reinstated.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment as to Plaintiff's emotional distress claims is SUSTAINED and the claims for damages are DISMISSED WITH PREJUDICE.

cc:     Counsel of Record